# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Richard Sprankle, being first duly sworn, depose and state as follows:

## BACKGROUND OF AFFIANT

1. I am a Task Force Officer with the United States Drug Enforcement Administration ("DEA") and have been so employed since 2019. I am currently assigned to the Manchester New Hampshire District Office. I am currently employed by the Nashua New Hampshire Police Department as a police officer and have been since 2010. My duties and responsibilities as a DEA Task Force Officer include the investigation of federal crimes, including violations of 21 U.S.C. §841(a)(1).

2. During my assignment with DEA, as well as my time with the Nashua New Hampshire Police Department, I have participated in numerous investigations relating to the distribution of controlled substances, including heroin, fentanyl, oxycodone, cocaine, and other substances in violation of the federal anti-drug laws, including Title 21, United States Code. Based on my training and experience, I am familiar with the manner and means commonly employed by drug traffickers and drug trafficking organizations to conduct their illegal activities, including purchasing, manufacturing, storing ,and distributing controlled substances, the laundering of illegal proceeds, and the efforts of persons involved in such activities to avoid detection by law enforcement. I hm also familiar with the terminology and slang commonly employed by drug traffickers. I am aware of the street prices for controlled substances, including methamphetamine, the methods of packaging, and the jargon used in the drug trade.

3. I make this affidavit in support of a Criminal Complaint to support the arrest of and to charge Jared Stottlar with the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §841(a)(1). As set forth herein, there is probable cause to

believe that on August 8, 2019, in the District of New Hampshire, Stottlar possessed d-methamphetamine hydrochloride with the intent to distribute it in violation of this statute.

4. The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, and information received from other law enforcement officers and probation officers. I have not set forth every detail I or other law enforcement agents know about this investigation, but have set forth facts that I believe are sufficient to evaluate probable cause of the issuance of the requested complaint.

## STATUTORY AUTHORITY

5. This investigation relates to a crime in the District of New Hampshire involving the possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Title 21, United States Code, Section 841 makes it a crime for any person knowingly or intentionally distribute or possess with intent to distribute a controlled substance. Methamphetamine is a Schedule II controlled substance.

## PROBABLE CAUSE

6. On August 8, 2019, the Tilton Police Department obtained a warrant to search Stottlar's person, Stottlar's home, and any and all vehicles used by Stottlar, including a Toyota Tacoma pickup truck registered to Stottlar. Investigators executed the warrant that day and stopped Stottlar as he was driving the Toyota pickup truck after leaving his home in Tilton, New Hampshire.

7. Stottlar was the sole occupant of the pickup truck at the time of the stop. On Stottlar's person, investigators found $5,951.00 of United States currency and keys. Two loaded handguns (one of which had previously been reported stolen) were found in the driver's

compartment of the pickup truck. Investigators also found a locked backpack that contained $54,000.00 of United States currency, and what lab testing later confirmed to be 525.9 grams of a substance containing methamphetamine hydrochloride, 98% +/- 6% purity. The lab results identifies the amount of pure substance as 515.3 grams +/- 31.7 grams. The keys seized from Stottlar's person fit the lock that was on the backpack. During the search of Stottlar's residence, investigators found suspected methamphetamine, drug packaging materials, and six firearms in the bedroom Stottlar shared with his girlfriend at that time.

8. Based on my training and experience, the quantity of methamphetamine seized from the pickup truck, 525.9 grams, is indicative of distribution rather than personal use. In addition, the quantity of cash seized during the search further indicates that Stottlar is engaged in the distribution of methamphetamine.

9. On November 11, 2019, a police sergeant with the Tilton, New Hampshire Police Department stopped Stottlar as the operator and sole occupant of his above described Toyota Tacoma pickup truck for driving in the dark at night without any lights. Stottlar's pickup truck was seized as a result of this stop, and law enforcement officers obtained a warrant to search it. The execution of this search warrant revealed over one kilogram (including DEA packaging) of suspected methamphetamine, $22,350.00 of United States currency, and a loaded firearm.

10. Based on my training and experience, the quantity of suspected methamphetamine seized from the pickup truck, over one kilogram (including DEA packaging), is indicative of distribution rather than personal use. In addition, the quantity of cash seized during the search further indicates that Stottlar is engaged in the distribution of methamphetamine.

11. Stottlar is not in custody, and there are no pending state charges related to the seizures described above.

Therefore, I respectfully request that a criminal complaint be issued to support the arrest of and to charge this individual with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

Respectfully submitted,

/s/ Richard Sprankle
Richard Sprankle
Task Force Officer
DEA

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: June 2, 2020

Time: 8:41 AM, Jun 2, 2020

Hon. Andrea K. Johnstone
United States Magistrate Judge